# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2024

Lyle W. Cayce
Clerk

No. 23-20375
Summary Calendar

Stacy Williams, *on behalf of her minor grandson*, J.J.,

*Plaintiff—Appellant*,

*versus*

Andrew Williams; Joe Spradlin,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-289

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Stacy Williams sued two paramedics under 42 U.S.C. § 1983 for an allegedly inadequate response to her grandson's medical emergency, resulting in his death. The district court dismissed on the basis of qualified immunity. Finding no error, we affirm.

We recount the facts as stated in plaintiff's brief, assuming, for pres-

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

ent purposes, that they are true:

> Here, Appellees (paramedics) came to Appellant's home after Appellant called 9-1-1 because [her grandson] J.J. was in cardiac distress.  J.J. was a survivor of "shaken baby syndrome" and he had cerebral palsy.  When Appellees responded they "called off" other emergency units that were responding to the 9-1-1 call.  Yet when Appellees arrived at J.J.'s home, they refused to provide essential medical services.  Although J.J. was unresponsive, Appellees disregarded their departmental policies and did not provide the required medical aid (such as CPR).  After *twenty-four minutes* (and a threat by Appellant to take J.J. to the hospital on her own) Appellees provided emergency care and then transported J.J. to the hospital.  J.J. arrived at the hospital at 1:52 a.m. and hospital staff revived him at 2:04 a.m.  J.J. must now be "fed through a tube."

Appellant's Opening Brief at 18–19.

The appellant recognizes that she cannot prevail under this court's longstanding jurisprudence whereunder we do not recognize "state-created danger" as a theory of liability for a claimed constitutional violation.  Appellant asks the court to use this case as a vehicle to adopt, for the first time, that theory.

We decline the invitation.  It is a stretch to say that state actors "created" the danger, given that the appellant's grandson was in medical distress, not caused by them, when they arrived.  As alleged, any failure to act sounds more in medical malpractice or negligence than in deliberate indifference.

It is possible that, at some point, this court will adopt the appellant's theory.  Concluding that this is not the case for such a jurisprudential venture, we AFFIRM the judgment of dismissal.